# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

EDDIE L WINDOM BEY & MARY A. WINDOM BEY,

                           Plaintiffs,

                  -vs-

AMERICAN TAX FUNDING and THE STATE OF NEW YORK,

                           Defendants.

DECISION & ORDER

11-CV-6458-CJS

___

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Eddie L. Windom Bey, *pro se*[1] |
| | Mary A. Windom Bey, *pro se* |
| | 33 Bartlett Street |
| | Rochester, NY 14608 |
| | |
| For American Tax Funding: | Richard T. Tucker, Esq. |
| | Phillips Lytle LLP |
| | 28 East Main Street |
| | 1400 First Federal Plaza |
| | Rochester, NY 14614 |
| | (585) 238-2045 |
| | |
| For State of New York: | Hillel David Deutsch, Esq. |
| | NYS Attorney General's Office |
| | Department of Law |
| | 144 Exchange Boulevard |
| | Rochester, NY 14614 |
| | (585) 327-3222 |

___

[1] Both Plaintiffs have, in their later papers filed after the complaint, styled themselves as, "In Propria Persona Sui Juris." The Court uses the term "pro se" merely to indicated that neither Plaintiff is represented by an attorney at law.

## INTRODUCTION

**Siragusa, J.** This matter is before the Court on motions by both Defendants to dismiss the complaint for failure to state a claim. For the reasons stated below, the motions to dismiss are granted and the complaint is dismissed.

## FACTUAL BACKGROUND

On September 15, 2011, Plaintiffs filed a form complaint in this Court against Defendants alleging that on June 15, 1994: "City foreclosed on property gave neighbor permission to set up a fence when taxes was paid [illegible]." Compl. at 4, Sept. 15, 2011, ECF No. 1. In their "Summary of Relief Sought," Plaintiffs wrote: "Return property, pay for pain & suffering, take [illegible] down fraud & conspiracy, pay for [illegible] property 2 Boats, 1 van, 1 truck & 1 [illegible] car parking on street for 12 yrs & counting." *Id*. at 5. Attached to the complaint is a document headed with the following: THE MOORISH NATIONAL REPUBLIC, THE MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD, *Aboriginal and Indigenous Natural Peoples of North-West Amexem North America*." *Id*., at 6. On the second page of that document appears the following "Statement of Facts:"

> I am Eddie Lee Windom-Bey an aboriginal Moorish American. I and my wife have been domiciling in the Rochester Territory as Moorish American nationals. We have a freehold estate under the Moorish Empire in North, South, Central America (Amexems) and the adjoining islands.
>
> I am In 'Propria Persona Sui Juris' (being in my own proper person), by birthright; an inheritance without the foreign, imposed color of law, or assumed due process of the Union States Society; pursuant to, but not limited to:

FREE MOORISH-AMERICAN ZODIAC CONSTITUTION: (Zodiac Constitution and Birthrights of the Moorish Americans) being Ali, Bey, El, Dey and Al), Article two (2), Paragraph two (2).

UNITED STATES REPUBLIC: DEPARTMENT OF JUSTICE: Moorish American Credentials: AA 222141- TRUTH A-I

UNITED STATES SUPREME COURT: SUPREME LAW - Acts of State

UNITED STATES CONSTITUTION: Article VI (6), Article III (3), Section two (2), Amendment V (5) (Liberty clause) and Amendment IX (9) (Reservation of the Rights of the People).

RESOLUTION NUMBER SEVENTY-FIVE (75): Dated April 17, 1933 A.D. (MOORISH AMERICAN SOCIETY OF PHILADELPHIA AND THE USE OF THEIR NAMES),

UNIVERSAL DECLARATION OF HUMAN RIGHTS - UNITED NATIONS - HUMAN RIGHTS [Article Fifteen (15)].

RIGHTS OF INDIGENOUS PEOPLES - UNITED NATIONS: GENERAL ASSEMBLY - Part 1, Article 4.

Marrakech Treaty of Peace and Friendship 1787

Being a descendant of Moroccans and born in America, with the blood of the Ancient Moabites from the Land of Moab, who received permission from the Pharaohs of Egypt to settle and inhabit North-West Africa / North Gate. The Moors are the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes. Our dominion and inhabitation extended from Northeast and Southwest Africa, across the Great Atlantis, even unto the present North, South and Central America and the Adjoining Islands-bound squarely affirmed to THE TREATY OF PEACE AND FRIENDSHIP OF SEVENTEEN HUNDRED AND EIGHTY SEVEN (1787) A.D. superseded by THE TREATY OF PEACE AND FRIENDSHIP OF EIGHTTEEN [sic] HUNDRED and THIRTY-SIX (1836) A.D. between Morocco and the United States.

The same as displayed under Treaty Law, Obligation, and Authority as expressed in Article VI of the Constitution for the United States of America (Republic):

THE TREATY OF PEACE AND FRIENDSHIP OF 1836 A.D.

Between Morocco and the United States

Article 20 "If any of the Citizens of the United States, or any Persons under their Protection, shall have any disputes with each other, the Consul shall decide between the Parties, and whenever the Consul shall require any Aid or Assistance from our Government, to enforce his decisions, it shall be immediately granted to him."

Article 21 "If any Citizen of the United States should kill or wound a Moor, or, on the contrary, if a Moor shall kill or wound a Citizen of the United States, the Law of the Country shall take place, and equal Justice shall be rendered, the Consul assisting at the Trial; and if any Delinquent shall make his escape, the Consul shall not be answerable for him in any manner whatever."

I was formerly known as Eddie Lee Windom. My wife was known as Mary Alice Windom. Until me and my wife claimed our ancestral title and freehold estate as Moorish American Aboriginals. I have ownership to the house known as 33 Bartlett St within the Iroquois territory in the Moorish Empire known as the city of Rochester, NY. I and my wife have been contacted by a Tax collection corporation called American Tax Funding regarding a City of Rochester Tax debt. We as aboriginal Moors have a non-obligated tax status in these dominions according to the Marrakech Treaty of Peace and Friendship 1787. American Tax funding initial contact regarding a Tax debt was on 4/2212010 (Evidence A attached). American Tax Funding disclosed information involving a Tax debt collection and foreclosure.

The property has been foreclosed on by the City of Rochester since 1994 by Mayor William Johnson. I have been paying taxes on 33 Bartlett St. prior to the reclaiming of my free national name on foreclosed property with no deed in my former name. The property was taken by the city of Rochester to erect a fence in 1994. I have since been harassed with request to pay taxes on a property that was taken from me due to the corporations' public interest (public domain). In 2007 I wrote a letter to the city of Rochester regarding the paying of taxes on a property, which has been taken by the City of

Rochester. As a free Moorish American National I have produced a "Moorish Empire Aboriginal Allodial Title" to the land in, which 33 Bartlett St was erected on. The Aboriginal Allodial Title is filed in the Monroe County Clerks office for the record. I have no tax obligations to the U.S. of A, State of New York and the City of Rochester. 33 Bartlett St. has been erected under the dominions of the Moorish Empire. I have been contacted in my former name continuously with American Tax Funding not honoring my proclamation as a Moorish American and my name/status change, which was recorded with the Monroe County Clerks office for the record. American Tax Funding, LLC was hired by the City of Rochester to collected taxes on foreclosed houses. The State of New York and the City of Rochester have no authority to conspire to collect taxes from Aboriginal Moors.

I received another notice from American Tax Funding, which a summons was regarding Tax foreclosure on 10127/2010 giving the specified owed tax amount. I responded to the notice on 11/18/2011 presenting my Moorish American nationality proclamation documents, "Moorish Empire Aboriginal Allodial Title", a debt verification letter and the Marrakech Treaty of Peace and Friendship (Evidence B attached). I advised American Tax Funding that I was not refusing to pay but was clarifying the misunderstanding of a Tax obligation to the City of Rochester and the State of New York. I also asked them to produce the contract making me obligated to the stated debt. I sent a notice on 11 /18/10 pursuant to the Fair Debt Collection Practices Act 15, U.S .C. 1692 g Sec. 809(b) that their claim was disputed and validation is requested. I also advised them that it would be fraud to try to recover taxes from untaxed aboriginal peoples on treaties with the United States. I have respectfully requested that they provide competent evidence, that I have a legal obligation to pay a tax debt to American Tax Funding. There was no contract produced that was competent evidence of a tax obligation by the City of Rochester and the State of New York. American Tax Funding did not respond to the notice sent 11/18/2010 until 08/31/2011 saying that they received no correspondence from me or my wife. American Tax Funding failed to provide the competent evidence of a Tax debt on 33 Bartlett St. American Tax Funding, LLC failed to recognized the non-obligated Tax status of aboriginal Moors. The city was given notice regarding our tax status as aboriginal Moorish Americans on 08/22/2011. (Evidence C) There was no lawful competent evidence that we have any lawful obligation to pay American Tax Funding taxes for the City of Rochester. American Tax Funding and the City of Rochester have conspired to collect taxes from an Aboriginal Moor in violation of the Marrakech Treaty of Peace and Friendship 1787, which recognized the independence of the United States. I have since

mailed a "a Moorish Empire notice of default judgment/demand to vacate foreclosure" and a letter stating the facts, which support evidence of fraudulent practices by American Tax Funding, LLC The City of Rochester and The State of New York to American Tax Funding. I also have a letter from Mayor William Johnson, which the City admits to wrongful conduct regarding the property (Evidence D). The Moorish Empire is bound to a relationship with the United States in these dominions through the US Constitution and the Marrakech Treaty of Peace and Friendship. I was sent a final notice by American Tax Funding claiming I did not respond to any of their attempts to contact them regarding a tax obligation, which is untrue. I have certified mailed receipts of the documents sent to American Tax Fundings, LLC attorney Richard J. Evans Jr. The formal notice also stated that my property at 33 Bartlett St in the City of Rochester will be auctioned on August 25, 2011. The City of Rochester, The State of New York and American Tax Funding cannot produce an Aboriginal Allodial Title. I contacted the Sheriff in writing on 08/20/2011 asking him to enforce the Laws of the land if there is any attempt to seize or sale my property. These lands are our freehold estate and cannot be sold as corporate colonial property. The City of Rochester has fraudulently attempted to collect taxes from me and my wife from 1994-2010 on foreclosed property, which is unjust. The Monroe County Sheriff has been put on notice regarding the property dispute and will be expected to enforce the law of land if there is any attempt to remove me and my family from our Moorish dominions. The Monroe County Sheriff Pat O'Flynn called me and said he is not to uphold the constitution and its treaties. The Monroe County Sheriff is in violation of his oath of office in upholding the US Constitution and its Treaties with aboriginal people. The auction of 33 Bartlett st took place on 08/25/2011. The referee of the auction Bernard D. Levine sold the property to American Tax Funding LLC for $7,000. American Tax Funding does not have a title to the land superior to the Moorish Empire. The County of Monroe, The City of Rochester and the State of New York is being sued for violation of the following:

Fraud under 18 U.S.C. § 1001: US Code - Section 1001: Statements or entries generally Conspiracy under 18 U.S.C. § 241: US Code - Section 241: Conspiracy against rights Theft 18 U.S.C § 641 : US Code -Section §641. Public money, property or records I also have provided many facts that fraud has been committed while attempting to collect taxes for the City of Rochester. My rights under the laws and treaties pertaining to ABORIGINAL and INDIGENOUS MOORISH NATIONALS should be respected by American Tax Funding and the City of Rochester. REMEDY SOUGHT: I

> Eddie Lee Windom Bey am seeking relief in the amount of 25 MILLION U.S. DOLLARS. For Fraud, Conspiracy against rights, violation of the Fair Debt Collections Act, Theft and RIGHTS OF INDIGENOUS PEOPLES - UNITED NATIONS: GENERAL ASSEMBLY - Part I, Article 4.

Affidavit of Fact Petition at 7–10, Sept. 15, 2011, ECF No. 1-1.

The State of New York contends that it is immune from suit in this Court by virtue of the Eleventh Amendment to the Constitution, which recognizes the sovereignty of the States. New York further states that,

> "The Eleventh Amendment bars § 1983 claims against states, absent their consent." *Gross v. New York*, 428 Fed. Appx. 52 (2nd Cir. 2011) (citing *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004). Although New York State has waived its immunity from liability under Section 1983, it has consented to be sued only in the New York Court of Claims, as opposed to federal court. *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977). *Accord St. Martin v. Fiala*, 2011 WL 6761067 at * 1 (W.D.N.Y. December 23, 2011) (Telesca, J.).

New York Mem. of Law at 2, Feb. 15, 2012, ECF No. 6-2. Further, New York argues that this lawsuit against it is further barred by the Tax Injunction Act, codified at 28 U.S.C. § 1341, which states, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." New York relies in part on the decision in *Nassar El v. Smith*, No. 11-11957, 2012 U.S. Dist. LEXIS 12130 (E.D. Mich. Jan. 31, 2012), a case where a "Moorish-American" disputed the collection of property taxes. In *Nassar El*, the district court held that relief in the Federal court was precluded by the *Rooker-Feldman* doctrine and the Tax Injunction Act, as well as *res judicata*. New York urges a similar holding here.

**STANDARDS OF LAW**

*Motion to Dismiss*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted).  See also, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur*

*Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir., 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 Moore's Federal Practice, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true).

### Constitutional Claims

Plaintiff evidently alleges that the defendants have committed constitutional torts

against them. The Constitution has no built-in enforcement mechanism. Therefore, in order to bring a Constitutional action against state actors under the Constitution, a plaintiff must meet the requirements of 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

## ANALYSIS

With regard to Plaintiffs' claims against the State of New York, the Eleventh Amendment and Tax Injunction Act unambiguously bar the lawsuit. Plaintiffs have plead no legitimate basis for suing New York State, and have not named any individual defendants connected with New York State in the complaint. Therefore, the claims against New York State are dismissed with prejudice.

Turning to American Tax Funding's motion, the Court agrees that Plaintiff's allegations of sovereign immunity are frivolous, based solely on fanciful factual allegations. The allegations in the complaint do not raise a plausible claim against American Tax Funding on the sovereign immunity claim. *See* Decision and Order, *Bey v. City of Rochester*, No. 11-CV-6457-CJS (W.D.N.Y. Apr. [date], 2012). As the Southern District of New York stated in *Allah El v. District Attorney for Bronx County*, No. 09 CV 8746 (GBD), 2009 WL 3756331 (S.D.N.Y. Nov. 4, 2009):

> Fatal to petitioner's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States. *See, Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 198[]1[);] *see also*, *We*

*the People Beys and Els v. State of New York*, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Petitioner cannot unilaterally bestow sovereign immunity upon himself. *See*, *United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir.1984). Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence. Although petitioner does not claim to have made a formal renunciation of nationality, it is of no import. Those who have voluntarily relinquished their citizenship, like other aliens, must obey the federal and applicable state laws, just as native-born and naturalized citizens are required to do. *See*, *Khattab*, *supra*; *Osiris*, *supra*; *see also*, *Thorton-Bey v. United States*, 2009 WL 203502, at *2 (N.D.U1. Jan. 26, 2009); *Howell-El v. United States*, 2006 WL 3076412, at *3 (S.D. Ill. Oct. 27, 2006).

*Allah El*, 2009 WL 3756331, *1.

As for the Fair Debt Collection Practices Act ("Act") claim, the complaint's Exhibit A is a notice from American Tax Funding, LLC, alleging delinquent City of Rochester real estate taxes on 33 Bartlett Street, which the City assigned to American Tax Funding, and invited Plaintiffs to call the company at the phone number listed for additional details. Plaintiff's allegations fail to raise a plausible claim under the Act.

## CONCLUSION

For the reasons stated above, the motions to dismiss by the State of New York, ECF No. 7, and American Tax Funding, ECF No. 8, are granted and the complaint is dismissed. The Clerk is directed to enter judgment in favor of Defendants.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Order and Judgment of entered herein would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: April 27, 2012
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge